```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/30/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
       :
ANNA PELAYO,       :
       :
                 Plaintiff,  :    14-CV-7517 (JMF)
       :
      -v-       :    MEMORANDUM OPINION
       :           AND ORDER
NIANDAY PLUMBING, et al.,  :
       :
                 Defendants.  :
       :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this lawsuit, familiarity with which is assumed, Plaintiff Anna Pelayo sues Defendants Nianday Plumbing and Patrice Guei, alleging wage-and-hour violations and discrimination claims. (Docket No. 1). Now pending before the Court is Plaintiff's unopposed motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure against former defense counsel Adewunmi Ade Oluwasusi for failing to comply with his discovery obligations and violation of a Court order. (Docket No. 28).[1] This is the second time that the Court is confronted with the question of whether to sanction Mr. Oluwasusi: Mr. Oluwasusi was previously sanctioned for neglecting to appear at a conference scheduled to discuss his failure to comply with the very discovery order that forms the basis of the current motion. (*See* Docket No. 24). Regrettably, the Court concludes that sanctions are — once again — warranted.

Rule 37 of the Federal Rules of Civil Procedure authorizes a district court to impose sanctions for discovery violations. The possible sanctions include (1) directing that certain facts

---

[1] By Order entered March 9, 2015 — after new counsel appeared on Defendants' behalf — the Court granted Mr. Oluwasusi's unopposed motion to withdraw, but retained jurisdiction over Mr. Oluwasusi for the purposes of adjudicating the present motion. (Docket No. 35).

be taken as established for purposes of the lawsuit and (2) prohibiting a party from supporting or opposing certain claims or defenses or from introducing certain witnesses or evidence.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).  Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Whether to impose a sanction pursuant to Rule 37 is left to the discretion of the Court.  *See, e.g.*, *S. New England Tel. Co. v. Global NAPs Inc*., 624 F.3d 123, 143 (2d Cir. 2010).  In evaluating whether a district court abused its discretion in imposing Rule 37 sanctions, the Second Circuit considers "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'"  *Id*. at 144 (quoting *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir.2009)).  Those factors, however, are not exclusive, and the ultimate inquiry is whether the district court's remedy is "just."  *Id.* (internal quotation marks omitted); *see Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 135 (2d Cir. 2007) ("[A] court may impose sanctions 'as are just' on a party for disobedience of a discovery order." (quoting Fed. R. Civ. P. 37(b)(2))).

       Applying that standard, the Court finds that monetary sanctions are appropriate here.  There is no dispute that, on January 20, 2015, the Court ordered Defendants to "produce any and all information or materials in response to Plaintiff's initial discovery demands no later than January 26, 2015" and warned them that "[f]ailure to do so will result in sanctions, up to and including monetary sanctions, striking of Defendants' answer, or entry of default judgment against Defendants."  (Docket No. 13).  There is also no dispute that Mr. Oluwasusi failed to

comply with the Court's Order. (Docket No. 14). Nor has he ever explained why he failed to comply — as noted above, he never appeared at the February 2, 2015 conference scheduled to discuss his non-compliance (Docket No. 24), and, despite the Court's March 9, 2015 Order setting a briefing schedule (Docket No. 35), he never responded to Plaintiff's current request for sanctions. The closest he has come to an explanation is in his response to the Court's February 3, 2015 Order To Show Cause why he should not be sanctioned for failing to appear at the February 2, 2015 conference. In that response, Mr. Oluwasusi blamed his absence on the "uncooperative attitude" of his client.[2] (Docket No. 19 at 2). As the Court noted in its February 24, 2015 Order imposing sanctions on Mr. Oluwasusi for his failure to appear, however, a client's lack of cooperation does not justify the failure to obey a court order. (Docket No. 24 at 1 (citing *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013))). Further, as noted above, Mr. Oluwasusi was expressly warned that any failure to comply "will" result in sanctions (Docket No. 13), and, as far is the Court is aware, Defendants responded to Plaintiff's discovery requests only after they had obtained new counsel.

For the foregoing reasons, Mr. Oluwasusi is sanctioned for his failure to comply with the Court's January 20, 2015 Order, and his discovery obligations more generally, and is ordered to reimburse Plaintiff for the reasonable costs, including attorney's fees, incurred in drafting the instant motion. (Docket No. 28). Accordingly, no later than **April 3, 2015**, Plaintiff shall submit an accounting of her fees and costs. Any response shall be filed by **April 7, 2015.**

---

[2] In that same response, Mr. Oluwasusi claims that "[o]n or about January 16, 2015, defendant called my office and informed me that he was seeking the assistance of another counsel to prosecute the case." (Docket No. 19 at 1-2). The Court notes, however, that at the conference held on March 12, 2015, Defendants' new counsel claimed on the record that Mr. Oluwasusi had initially contacted them about taking over the case. That discrepancy is troubling, but it is not the basis for the Court's imposition of sanctions.

comply with the Court's Order. (Docket No. 14). Nor has he ever explained why he failed to comply — as noted above, he never appeared at the February 2, 2015 conference scheduled to discuss his non-compliance (Docket No. 24), and, despite the Court's March 9, 2015 Order setting a briefing schedule (Docket No. 35), he never responded to Plaintiff's current request for sanctions. The closest he has come to an explanation is in his response to the Court's February 3, 2015 Order To Show Cause why he should not be sanctioned for failing to appear at the February 2, 2015 conference. In that response, Mr. Oluwasusi blamed his absence on the "uncooperative attitude" of his client.[2] (Docket No. 19 at 2). As the Court noted in its February 24, 2015 Order imposing sanctions on Mr. Oluwasusi for his failure to appear, however, a client's lack of cooperation does not justify the failure to obey a court order. (Docket No. 24 at 1 (citing *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013))). Further, as noted above, Mr. Oluwasusi was expressly warned that any failure to comply "will" result in sanctions (Docket No. 13), and, as far is the Court is aware, Defendants responded to Plaintiff's discovery requests only after they had obtained new counsel.

For the foregoing reasons, Mr. Oluwasusi is sanctioned for his failure to comply with the Court's January 20, 2015 Order, and his discovery obligations more generally, and is ordered to reimburse Plaintiff for the reasonable costs, including attorney's fees, incurred in drafting the instant motion. (Docket No. 28). Accordingly, no later than **April 3, 2015**, Plaintiff shall submit an accounting of her fees and costs. Any response shall be filed by **April 7, 2015.**

---

[2] In that same response, Mr. Oluwasusi claims that "[o]n or about January 16, 2015, defendant called my office and informed me that he was seeking the assistance of another counsel to prosecute the case." (Docket No. 19 at 1-2). The Court notes, however, that at the conference held on March 12, 2015, Defendants' new counsel claimed on the record that Mr. Oluwasusi had initially contacted them about taking over the case. That discrepancy is troubling, but it is not the basis for the Court's imposition of sanctions.

The Clerk of Court is directed to terminate Docket No. 28.

SO ORDERED.

Date:  March 30, 2015
       New York, New York

/s/ Jesse M. Furman
JESSE M. FURMAN
United States District Judge